IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL COOPER,

    Plaintiff,

v.                                            CASE NO. 5:10-cv-00158-RH -GRJ

CAPTAIN SHAW, et al,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, concerning conditions of his confinement while he was an inmate held at the Northwest Florida Reception Center (NWFRC) in Chipley, Florida. (Doc. 1.) Plaintiff is no longer incarcerated at NWFRC and has now filed the appropriate motion for leave to proceed IFP (non-prisoner) with an affidavit of expenses showing minimal income from social security benefits and food stamps, barely enough to pay his monthly expenses. (Doc. 9.) While Plaintiff can demonstrate the requisite level of indigency for proceeding *in forma pauperis*, Plaintiff's motion to proceed *in forma pauperis* is, nonetheless, due to be denied and Plaintiff's complaint dismissed because Plaintiff has failed to allege a constitutional violation.

### **I. Introduction**

Plaintiff alleges two causes of action, both of which are virtually identical other than the fact that the first claim includes the allegation that the Defendants (each of whom is a correctional officer) were acting within the scope of their employment and the

second claim includes the allegation that Defendants were acting outside of the scope of their employment. Whether Defendants were acting within or outside of the scope of their employment makes no difference because the unlawful conduct alleged against the Defendants does not rise to the level of a constitutional violation.

Plaintiff purports to bring a claim for cruel and unusual punishment based upon Defendants' alleged failure to provide Plaintiff with toilet paper and personal hygiene items while Plaintiff was held at NWFRC.. According to Plaintiff, from November 6 through November 9, 2008 – while he was housed in a transient dorm at NWFRC – he was not provided with toilet paper, clothes, towels, bedrolls, soap or wash cloths. After Plaintiff complained to his family - who contacted the institution on behalf of Plaintiff – he was told by Defendant Owens to tear up his sheet and use it for toilet paper. According to Plaintiff he did not receive the "supplies" (presumably meaning the personal hygiene items) until November 9, 2008.

Plaintiff further alleges that the next day, November 10, 2008 Defendant Shaw threatened to keep Plaintiff at NWFRC for six months if Plaintiff's family continued to complain to the institution on Plaintiff's behalf. Plaintiff was released from NWFRC two days later on November 12, 2008.

Plaintiff alleges that during his six day stay at NWFRC he was suffering some type of unspecified medical problem and that because of the manner in which he was treated during his stay at NWFRC he experienced pain and suffering causing an unspecified emotional injury.

For relief as to both claims, Plaintiff requests damages of $1,000,000.00, an order directing the Florida DOC to terminate Shaw and Owens. Plaintiff also requests

that the "Fla. DOC ... [take] full responsibility ... [for paying] the damages."

## II.  Standard of Review

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*.  Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not). In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, No. CA 08-0727-KD-C, 2009 WL 47497, at *1 (S.D. Ala. Jan. 7, 2009).

Although the Court concludes that Plaintiff meets the financial qualifications for proceeding IFP, the Court does not find that Plaintiff's claims withstand a frivolity screening pursuant to 28 U.S.C. §1915.  A claim is frivolous if "it lacks an arguable basis in either law or in fact."  Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying 28 U.S.C. §1915). A claim may be frivolous if the plaintiff's chances of ultimate success are slight.  Clark v. State of Ga. Pardons and Paroles Bd, 915 F.2d 636, 639 (11th Cir. 1990).

## III.  Analysis

The Constitution does not mandate comfortable prisons, but it does require humane ones.  Rhodes v. Chapman, 452 U.S. 337, 346 (1981).   "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or

restoring official control over a tumultuous cellblock."  Whitley v. Albers, 475 U.S. 312, 319 (1986).

Whether a claim for deprivation of personal hygiene items is sufficient to make out a constitutional violation is dependent upon the extent of the violation and the nature of the items withheld.  Chandler v. Baird, 926 F.2d 1057, 1064-65 (11th Cir.1991).  Where, however, the claim, as here, alleges a failure to provide hygiene items such as soap, towels, mattress or blankets for only several days, courts addressing the issue have concluded that the conduct is not sufficient to constitute a constitutional violation.

For example, in Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir.1988), the court there held that the failure to provide toilet paper for five days and soap and toothpaste for ten days was insufficient to demonstrate a claim for cruel and unusual punishment under the Eighth Amendment as applied to the states under the Fourteenth Amendment.  The Harris court appropriately observed that while the failure to provide the prisoner with hygiene items may have caused the prisoner to "expierience[ ] considerable unpleasantness" the prisoner did not suffer any physical harm and the conditions were only temporary. Id. at 1235.

Other courts confronted with a claim that prison officials failed to supply personal hygiene items for a temporary period of time also have concluded that the conduct falls short of demonstrating a violation of the Eighth Amendment. Matthews v. Murphy, No. 90-35458, 1992 WL 33902, at *4 (9th Cir. Feb. 25, 1992) (failure to provide soap, towels, toothpaste, and other hygiene items for 34 days not a violation): Castro v. Chesney, No. CIV. A. 97-4983, 1998 WL 767467, at *9 (E.D. Pa. Nov. 3, 1998) (two

days not a violation); Schaeffer v. Schamp, No. 06-1516, 2008 WL 2553474, at *6 (W.D. Pa. June 25, 2008) (failure to provide mattress, soap, and toilet paper for ten days not a violation).

While the denial of clothing, bedding and hygiene items may constitute an Eighth Amendment violation where the inmate is subjected to temperatures that are sufficiently cold enough to pose a health risk, see Chandler, 926 F.2d at 1066, there is no allegation in this case that in addition to the lack of hygiene items the temperatures were extremely low. Rather, the claims in this case are focused predominately upon the failure to provide toilet paper for several days

Courts have consistently found that the failure to provide toilet paper and other hygiene items for a limited number of days does not rise to the level of a constitutional violation. See e.g., Dye v. Lomen, 40 Fed. Appx. 993 (7th Cir. 2002) (two or three days not cruel or unusual punishment); Harris, 839 F.2d at 1234-36 (five days); Schaeffer, 2008 WL 2553474, at *6 (ten days); Castro, 1998 WL 767467, at *9 (two days); Briggs v. Heidlebaugh, No. Civ. A. 96-3884, 1997 WL 318081, at *2 (E.D. Pa. May 21, 1997) (two days).

Because claims of cruel and unusual punishment by prisoners based upon a failure to provide toilet paper for a short period of time fall well below the standard for demonstrating a violation of the Eighth Amendment, courts have not been hesitant in dismissing the claims as frivolous upon initial screening. Williams v. Trefz, No. 04-C-451-C, 2004 WL 1576708, at *2 (W.D. Wis. July 19, 2004) (claim dismissed as frivolous alleging that 12 sheets of toilet paper a week violated Eighth Amendment); Rudacille v.

Hoke, Civil No. 4:08-CV-1718, 2009 WL 464480, at *6 (M.D. Pa. Feb. 24, 2009) (one day without toilet paper; inmate told to use shirt deemed frivolous); Byrd v. Adams, No. 2:09-CV-0312, 2010 WL 184448, at *2 (N.D. Tex. Jan. 20, 2010) (one roll of toilet paper a week); Brannon v. White, No. 4:10-CV-1704-TCM, 2010 WL 4065109, at *2 (E.D. Mo. October 15, 2010) (two to five days without toilet paper, showers, and clothes).

Accordingly, because Plaintiff's claims against Defendants for failing to provide Plaintiff with toilet paper for five days fail to rise to the level of a constitutional violation, Plaintiff's claims are due to be dismissed.

Lastly, Plaintiff separately claims that Defendant Shaw threatened to keep Plaintiff at NWFRC for six months if Plaintiff's family continued to contact the institution and complain about the conditions of confinement. Defendant Shaw obviously did not carry out his threat in view of Plaintiff's allegation that Plaintiff was released from NWFRC a few days later on November 12, 2008. Assuming, however, such a threat was made a threat is insufficient to allege a cognizable claim. The Eleventh Circuit has concluded that verbal abuse and unfulfilled threats by corrections officers do not violate an inmate's constitutional rights under section 1983. Hernandez v. Florida Dept. of Corrections, 281 Fed. Appx. 862, 866 (11th Cir. 2008). Accordingly, Plaintiff's claim that his constitutional rights were violated because of Shaw's threats is also due to be dismissed because there is no legal basis for such a claim.

In light of the foregoing, it is respectfully **RECOMMENDED**:

The Motion for Leave to Proceed In Forma Pauperis (Doc. 9) should be **DENIED**,

and this case should be **DISMISSED** for failure to state a claim for relief.

At Gainesville, Florida, this 7th day of December 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**